## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT HURWITZ** | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 15-711** |
| | : |
| **ERIC MULLINS, CHARLES W.** | : |
| **ADCOCK, JONATHAN C. FARBER,** | |
| **TOWNES G. PRESSLER, JR., JOHN A.** | |
| **BAILEY, JONATHAN P. CARROLL,** | |
| **SCOTT W. SMITH, RICHARD A.** | |
| **ROBERT, W. RICHARD ANDERSON,** | |
| **BRUCE W. MCCULLOUGH, LOREN** | |
| **SINGLETARY** | |

## ORDER

**AND NOW**, this 26th day of July 2018, upon considering Plaintiff's Amended
Unopposed Motion for preliminary approval of the June 27, 2018 Stipulation of Settlement (ECF
Doc. No. 174), the Addendum to Stipulation of Settlement (ECF Doc. No. 182), the Second
Addendum to Stipulation of Settlement (ECF Doc. No. 188) with amendments to the Stipulation
of Settlement conforming to the parties' agreements during our July 18, 2018 noticed hearing,[1]
including to the Notice of Proposed Settlement of Class Action and Settlement Hearing, Proof of
Claim and Release, Summary Notice of Proposed Settlement of Class Action, and following the
noticed hearing on Plaintiff's Motion, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 174) is
**GRANTED:**

1.      Upon review of the amended Stipulation of Settlement, the Addendum to
Stipulation of Settlement and Second Addendum (collectively "Stipulation"), we **preliminarily
approve** the Settlement in the Stipulation[2], subject to further consideration at the December 14,
2018 Final Approval Hearing including our continuing concerns with the timing of the initial
distribution and payment of attorneys' fees and service award.

2.     **Final Approval Hearing**.   We will hold a Final Approval Hearing of the Settlement on **December 14, 2018** at **12:30 P.M. EST** in Courtroom 6B in the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, to determine (a) whether the proposed Settlement of this Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Final Approval Order, as provided in ¶1.14 of the Stipulation, should be entered, dismissing this Action in its entirety and with prejudice, ordering (i) the covenants by the Class Representative and Class Members and the releases of the Released Parties set forth in the Stipulation should be provided, (ii) the Class Representative, Class Members, and Class Counsel should be forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or asserting any of the Released Claims against the Released Parties, and (iii) the covenants by the Released Parties and the release by the Released Parties of Class Representative, Class Members, and Class Counsel, as set forth in the Stipulation, should be provided to Class Representative, Class Members, and Class Counsel; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and (d) the amount of fees and expenses to be awarded to Lead Class Counsel and Class Representative.   The Court may adjourn the Settlement Hearing without further notice to the Class Members.

3.     **Approved Form of Mailing**.   We approve, as to form and content, the attached Notice of Proposed Settlement of Class Action and Settlement Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action and Settlement Hearing ("Summary Notice") finding the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form

2

defined in ¶ 5 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.      All fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund as defined in the Stipulation, and in no event shall any of the Released Parties or a Settlement Amount Payor bear any responsibility for such fees, costs, or expenses, or Administrative Costs.

5.      **Claim Administrator's and Class Counsel's Initial Obligations**.  We appoint Garden City Group ("Claims Administrator"), hired by Lead Class Counsel to provide notice to Class Members of the class certification, to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **August 9, 2018**, the Claims Administrator shall begin mailing the Notice and Proof of Claim, substantially in the attached forms, by First-Class Mail to all Class Members who can be identified with reasonable effort;

(b) Not later than **August 16, 2018**, the Claims Administrator shall cause the Summary Notice, substantially in the attached form, to be published once in *Investor's Business Daily* and as a release over PR Newswire;

(c) Not later than **August 16, 2018**, Lead Class counsel shall cause the Stipulation, Notice, and Proof of Claim, along with the Amended Complaint, Answers, our March 13, 2017 Memorandum (ECF Doc. No. 37), January 2, 2018 Class Certification Order (ECF Doc. No. 120), this Order, and all future filings, to be posted on its website at www.robbinsarroyo.com/category/notices and the Claims Administrator's website at www.lrrenergysecuritieslitigation.com; and

3

(d) Lead Class Counsel shall file an affidavit of mailing and publishing no later than **October 12, 2018**.

6.      **Nominees' Obligations**.  Nominees who held LRE common units as of August 28, 2015 that were exchanged for Vanguard common units on or about October 5, 2015 in connection with the close of the Acquisition for the beneficial ownership of Class Members shall send the Notice and the Proof of Claim to all beneficial owners of the LRE/Vanguard common units within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Class Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7.      **Binding Effect**.  All Class Members who or which did not request exclusion from the Class shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases therein, whether favorable or unfavorable to the Class, whether such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Amount.

8.      **Approval and Fees Award Motions**.  Motions seeking final approval of the Settlement and for Class Counsel's attorneys' fees and expenses and a Service Award to Class Representative shall be filed by **November 2, 2018.** Oppositions shall be filed by **November 28, 2018**.

4

9.      **Consideration for Release**.    Class Members shall receive two forms of consideration.  Every unit holder in the Class and thus releasing claims will initially receive a $5.00 payment.  The balance of the Net Settlement Amount shall be distributed to compensate for each unit under a proposed Plan of Allocation filed with the Motion for Final Approval described in the attached Proof of Claim upon verification.

10.      **Claims Process for Second Payment**.    Class Members who wish to receive a portion of the Net Settlement Amount based on the number of units in addition to the $5.00 payment shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless we order otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than **November 26, 2018**.  Any Class Member who does not timely submit a Proof of Claim by **November 26, 2018** shall be barred from sharing in the distribution proceeds of the balance of the Net Settlement Amount, unless we otherwise order, but shall nonetheless be bound by the Settlement, the Final Approval Order, and releases therein. Notwithstanding the foregoing, Lead Class Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Amount to Settlement Payment Recipients is not materially delayed thereby.

11.      Any Class Members who or which did not request exclusion from the Class may enter an appearance in this case, at his, her, or its own expense, individually or through counsel of their own choice.  Any Class Members who or which do not enter an appearance will be represented by Lead Counsel.

12.      **Objections to Settlement**.  Any Class Member who or which did not request exclusion from the Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of this Action should or should not be approved as fair, reasonable,

5

and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Class Counsel or the Service Award to Class Representative, provided, however, no Class Member or any other Person shall be heard or entitled to contest such matters, unless he, she, or it has filed a written objection on or before **November 9, 2018** with the Clerk of the U.S. District Court for the District of Delaware, 844 North King Street Unit 18, Wilmington, DE 19801. Any Class Member who or which did not request exclusion from the Class and who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from objecting to any aspect of the Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Class Counsel or a Service Award to Class Representative including the right to appeal, unless otherwise ordered. Attendance at the December 14, 2018 Final Approval Hearing is not necessary. Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

13.     Any objections, filings, and other submissions by the objecting Person  must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Person's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Person wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Class, including the number of LRE common units held as of August 28, 2015 exchanged on or about October 5, 2015 for Vanguard common units and the number of Vanguard common units received in such exchange on or about October 5, 2015 in connection with the close of the Acquisition.

6

14.     Responses to objections shall be filed and served by **December 7, 2018**.

15.     **Escrow Funds**.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to this Court's jurisdiction, until such time as a Court Order distributes funds under the Stipulation and/or further order(s) of the Court.

16.     Neither the Defendants nor Defendants' counsel shall have responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or the Service Award to Class Representative and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17.     At or after the Final Approval Hearing, we shall determine whether the Plan of Allocation proposed by Lead Class Counsel, and any application for attorneys' fees or payment of expenses including any Service Award to Class Representative shall be approved.

18.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid under the Stipulation.  In the event we do not approve the Settlement, or it otherwise fails to become effective, neither Class Representative nor his counsel shall be obligated to repay amounts incurred and properly disbursed under ¶ 2.13 of the Stipulation.

19.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants as to the validity of any claims or as to the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

20.     We reserve the right to adjourn the date of the Final Approval Hearing without further notice to Class Members, and retain jurisdiction to consider further applications arising

out of or connected with the proposed Settlement. We may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Class Members. We further reserve the right to enter the Final Approval Order regardless of whether we approve of the Plan of Allocation or awarded attorneys' fees and/or expenses.

21. If the Settlement in the Stipulation is not approved or consummated for any reason whatsoever, this Order is null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and all proceedings had in connection would then be without prejudice to the rights of the Settling Parties *status quo ante*.

22. Unless ordered otherwise and subject to the trial schedule in our July 18, 2018 Order (ECF Doc. No. 187), **all proceedings in the Action are stayed**, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties approved by the Court. Pending final determination of whether the proposed Settlement should be approved, neither Class Representative nor any Class Member, not Class Counsel, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

_____
**KEARNEY, J.**

---

[1] Mindful of our independent obligation, we raised several issues and counsel negotiated meaningful solutions to our concerns at the July 18, 2018 preliminary approval hearing. At the December 14, 2018 Final Approval Hearing, we will evaluate the payment of fees and a service award to be made in conjunction with distribution of the Net Settlement Amount to Class members. While not an issue today, we also continue to question the parties' earlier suggested use of a claims process in settling Rule 23(b)(3) certified securities fraud class actions which bars existing class members from recovery as a member of the certified Class unless they take

8

yet another step in filing a detailed claim to obtain consideration in exchange for a complete release.  At a minimum, we may expect class counsel will negotiate a second opt-out period given the material change in the expectations of a Rule 23(b)(3) class member.  As counsel resolved the issue, we defer further analysis of how class counsel fulfills its fiduciary obligation by agreeing members of the certified class release claims without receiving consideration.

[2] Unless otherwise defined, all terms in this Order have the same meanings as in the Stipulation.

# THIS PAGE INTENTIONALLY LEFT BLANK

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT HURWITZ, on Behalf of Himself and All Others Similarly Situated, ) ) ) | Case No.: 1:15-cv-00711-MAK |
| Plaintiff, ) ) | CLASS ACTION |
| v. ) ) | |
| ERIC MULLINS, CHARLES W. ADCOCK, JONATHAN C. FARBER, TOWNES G. PRESSLER, JR., JOHN A. BAILEY, JONATHAN P. CARROLL, SCOTT W. SMITH, RICHARD A. ROBERT, W. RICHARD ANDERSON, BRUCE W. MCCULLOUGH, and LOREN SINGLETARY, ) ) ) ) ) ) ) ) ) ) | EXHIBIT A-1 |
| Defendants. ) ) | |

## NOTICE OF PROPOSED SETTLEMENT
## OF CLASS ACTION AND SETTLEMENT HEARING

**TO:   ALL PERSONS OR ENTITIES:**

**(i)    HOLDING LRE ENERGY, L.P. ("LRE" OR THE "COMPANY") COMMON UNITS AS OF AUGUST 28, 2015 THROUGH THE OCTOBER 5, 2015 CLOSE OF VANGUARD NATURAL RESOURCES, LLC'S ("VANGUARD") ACQUISITION OF LRE, WHO WERE DAMAGED AND ASSERT CLAIMS PRESENTLY SUSTAINED IN THE MARCH 13, 2017, DECEMBER 29, 2017, AND MARCH 8, 2018 ORDERS UNDER SECTIONS 14(A) AND 20(A) OF THE EXCHANGE ACT; AND**

**(ii)   RECEIVING VANGUARD COMMON UNITS IN EXCHANGE FOR THEIR LRE COMMON UNITS ON OR ABOUT OCTOBER 5, 2015 UNDER THE REGISTRATION STATEMENT, AS AMENDED, WHO WERE DAMAGED, AND ASSERT CLAIMS PRESENTLY SUSTAINED IN THE MARCH 13, 2017, DECEMBER 29, 2017, AND MARCH 8, 2018 ORDERS UNDER SECTIONS 11 AND 15 OF THE SECURITIES ACT;**

**(iii)  BUT EXCLUDING DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF EACH INDIVIDUAL DEFENDANT; AN OFFICER OR DIRECTOR OF VANGUARD OR LRE, A FIRM, TRUST, CORPORATION, OFFICER, OR OTHER ENTITY IN WHICH A DEFENDANT HAS OR HAD A CONTROLLING INTEREST; PERSONS PARTICIPATING IN THE ALLEGED MATERIAL OMISSIONS OR MISREPRESENTATIONS, AND THE LEGAL REPRESENTATIVES, AGENTS, AFFILIATES, HEIRS, BENEFICIARIES, SUCCESSORS-IN-INTEREST, OR ASSIGNS OF AN EXCLUDED PERSON OR ENTITY; AND ALSO EXCLUDING THOSE**

- 1 -

**PERSONS LISTED IN EXHIBIT A-4 TO THE STIPULATION WHO, PURSUANT TO THE COURT'S JANUARY 17, 2018 ORDER [D.I. 126], TIMELY AND VALIDLY REQUESTED TO BE EXCLUDED FROM THE CLASS (THE "CLASS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR PRO RATA SHARE OF THE NET SETTLEMENT AMOUNT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Delaware (the "Court"). The purpose of this Notice is to inform you of (i) the pendency of this class action (the "Action") between plaintiff Robert Hurwitz ("Class Representative" or "Hurwitz"), defendants Eric Mullins, Charles W. Adcock, Jonathan C. Farber, Townes G. Pressler, Jr., John A. Bailey, and Jonathan P. Carroll (the "LRE Defendants"), and defendants Scott W. Smith, Richard A. Robert, W. Richard Anderson, Bruce W. McCullough, and Loren Singletary (the "VNR Defendants") (the LRE Defendants and VNR Defendants are, collectively, the "Defendants"); (ii) the proposed $8 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as Class Counsel's application for fees, costs, and expenses and Class Representative's request for a Service Award (the "Settlement Hearing"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated June 27, 2018, along with the addendums thereto dated July 11, 2018 and July 25, 2018 (the "Stipulation"), which are available on the websites www.lrrenergysecuritieslitigation.com and www.robbinsarroyo.com/category/notices.

- 2 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | As a Class Member, you will receive an Initial Settlement Payment (*see* No. 7). In addition to an Initial Settlement Payment, you are required to submit a Proof of Claim in order to **also** be eligible to receive a portion of the Net Settlement Amount allocated on a per-unit basis.<br>**Proof of Claim forms must be postmarked or submitted online on or before _____, 2018.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Initial Settlement Payment, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court on or before _____, 2018.** |
| **GO TO THE HEARING ON _____, 2018.** | You may speak in Court about the fairness of the Settlement at the Settlement Hearing currently scheduled for __.m., on _____, 2018, in the Courtroom of the Honorable Mark A. Kearney, at the U.S. District Court in and for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. |
| **DO NOTHING** | Receive an Initial Settlement Payment but no additional payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, an $8 million settlement has been established (the "Settlement Amount"). A Class Member's actual recovery consists of: (i) the Initial Settlement Payment; plus (ii) a portion of the Net Settlement Amount allocated on a per-unit basis among the Settlement Amount Recipients who submit to the Paying Agent a valid Proof of Claim by _____, 2018 based on the number of Vanguard common units received by the applicable Settlement Amount Recipient upon closing of the Acquisition.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable, if any, if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include:

(1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) whether the definitive joint registration statement/proxy statement disseminated by Defendants in connection with the Acquisition omitted material information concerning Vanguard's then-existing financial condition in violation of the federal securities laws; and (4) the amount of damages (if any) to which Class Representative and the Class are entitled.

### Statement of Attorneys' Fees and Expenses Sought

Class Counsel will apply to the Court for an award of attorneys' fees not to exceed $2.4 million (30% of the Settlement Amount), plus expenses not to exceed $325,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Action's inception, Class Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action with the expectation that if counsel was successful in obtaining a recovery for the Class, counsel would be paid from such recovery. In addition, the Class Representative intends to petition the Court for a Service Award to reflect the time and effort he has expended on behalf of the Class.

### Further Information

For further information regarding the Action, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at (800) 324-2941, or visit the website at www.lrrenergysecuritieslitigation.com.

You may also contact representatives of counsel for the Class: Stephen J. Oddo, Esq., Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, CA 92101, Telephone: 619-525-3990, www.robbinsarroyo.com.

### PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.

### Reasons for the Settlement

Class Representative's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action.

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. federal court because you or someone in your family or an investment account for which you serve as custodian may have owned LRE common units as of August 28, 2015 that were exchanged for VNR common units on or about October 5, 2015 upon close of the Acquisition. This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

This Action is pending in the U.S. District Court for the District of Delaware and the case is known as *Hurwitz v. Mullins, et al.*, Case No. 1:15-cv-00711-MAK. The case has been assigned to the Honorable Mark A. Kearney of the U.S. District Court for the Eastern District of Pennsylvania. The individual representing the Class is the Class Representative, and the individuals he sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

On August 18, 2015, Class Representative filed a class action complaint on behalf of the public unitholders of LRE against the LRE Defendants, Vanguard, and Lighthouse Merger Sub, LLC ("Lighthouse Merger Sub"), asserting violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, in connection with the acquisition of LRE by Vanguard and Lighthouse Merger Sub that was first announced on April 20, 2015 (the "Acquisition"). On January 20, 2016, the Court appointed Hurwitz as Lead Plaintiff, Robbins Arroyo LLP as Lead Counsel, and Cooch and Taylor, P.A. as Liaison Counsel for plaintiff.

On June 22, 2016, Hurwitz filed the operative Amended Class Action Complaint ("Complaint"), adding LRE and the VNR Defendants as defendants, and alleging: violations of section 14(a) of the Exchange Act against LRE, Vanguard, Lighthouse Merger Sub, the LRE Defendants, and the VNR Defendants, violations of section 20(a) of the Exchange Act against the LRE Defendants the VNR Defendants; and violations of sections 11 and 15 of Securities Act of 1933 ("Securities Act") against Vanguard and the VNR Defendants.

On August 22, 2016, Defendants filed their motion to dismiss the Complaint, which Hurwitz opposed.

On February 1, 2017, Vanguard and several of its subsidiaries, including LRE, filed voluntary petitions for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Texas. On February 23, 2017, a notice of bankruptcy and suggestion of automatic stay was filed in this Court by Vanguard and LRE. On August 1, 2017, Vanguard announced

that it successfully emerged from Chapter 11 as a new corporation under the name of Vanguard Natural Resources, Inc.[2]

On March 13, 2017, Judge Sue L. Robinson denied Defendants' motion to dismiss. On March 27, 2017, the Defendants filed answers to the Complaint.

On July 25, 2017, this matter was reassigned to Judge Mark A. Kearney in the U.S. District Court for the Eastern District of Pennsylvania upon Judge Robinson's retirement. On August 2, 2017, Judge Kearney issued a revised scheduling order shortening the period for fact and expert discovery and setting a July 30, 2018 trial date.

On November 3, 2017, Hurwitz moved for class certification, which Defendants opposed. Also on November 3, 2017, Defendants filed motions for summary judgment on Hurwitz's individual Securities Act and Exchange Act claims. On December 29, 2017, Defendants' motions for summary judgment were denied without prejudice as premature. On January 2, 2018, Judge Kearney granted Hurwitz's motion for class certification and conditionally certified a class consisting of former LRE unitholders who held LRE common units as of August 28, 2015 that were exchanged on or about October 5, 2015 for Vanguard common units in connection with the close of the LRE Acquisition.

On January 17, 2018, the Court entered an order approving the Class notice, notice procedures, and appointment of notice administrator and set May 29, 2018 as the deadline for Class Members to request exclusion from the Class. Since March 30, 2018, approximately 14,134 notices have been mailed to potential members of the certified Class. As of May 29, 2018, twenty-two putative members of the Class have submitted requests for exclusions.

During the pendency of the Action, the Settling Parties have undertaken extensive fact and expert discovery relating to the claims in this litigation. Specifically, Class Counsel has reviewed tens of thousands of pages of documents and other materials produced by Defendants in response to numerous discovery requests, including e-mail communications, board materials, financial data, analyst reports, and SEC filings. Class Counsel has also reviewed documents and other materials produced in response to the subpoenas Class Counsel issued to various third-parties, including, among others: (i) LRE's financial advisor, Tudor, Pickering, Holt & Company; (ii) LRE's conflicts committee's financial advisor, Simmons & Company; and (iii) Vanguard's lead lender and administrative agent, Citibank, N.A. Since January 2018, Class Counsel has deposed ten witnesses who played a role in the Acquisition of LRE and/or the administration of Vanguard's credit agreement, including many of the former officers and/or directors of LRE and Vanguard. Class Counsel has responded to discovery propounded by Defendants and sat for a deposition by Defendants' counsel. In addition, Class Counsel retained three industry and financial experts to assist with evaluating documents and testimony as well as assessing damages sustained by Class Representative and the Class as a result of Defendants' alleged violations of

---

[2] On March 7, 2018, Class Representative stipulated to the dismissal of LRE and Vanguard as, pursuant to the Bankruptcy Plan, any claims against the debtors Vanguard and LRE were expunged, disallowed, and discharged. Pursuant to the stipulation, on March 8, 2018, the Court dismissed defendants LRE and Vanguard with prejudice.

the Exchange Act and the Securities Act. On April 9, 2018, Class Counsel provided Defendants reports of the three persons designated by Class Representative as experts. That same day, Class Representative received the affirmative report of the person whom Defendants designated as an expert.

In April 2018, the Settling Parties agreed to participate in mediation before Robert A. Meyer, Esq. The Settling Parties prepared detailed mediation statements and engaged in a full-day in-person mediation session with Mr. Meyer on May 17, 2018. These efforts culminated with the Settling Parties agreeing to settle the Action for $8,000,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. On May 22, 2018, the Settling Parties informed the Court that they reached an agreement-in-principle to settle the Action.

| 3. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Defendants or the Class Representative. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Class Representative agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: **all Persons or Entities that held LRE common units as of August 28, 2015 that were exchanged for Vanguard common units on or about October 5, 2015 under the registration statement (as amended) issued in relation to the Acquisition and were damaged thereby**, except those Persons or entities that are excluded.

Excluded from the Class are: Defendants; members of the immediate family of each individual Defendant; an officer or director of Vanguard or LRE; a firm, trust, corporation, officer, or other entity in which a Defendant has or had a controlling interest; Persons participating in the alleged material omissions or misrepresentations; and the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded Person or entity. Also excluded from the Class is any Class Member who requested exclusion on or before the May 29, 2018 deadline provided in the Class notice.

**Please Note:** If you are a Class Member and you wish to be eligible to participate in the pro rata distribution of proceeds from the Net Settlement Amount, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2018.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at (800) 324-2941, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (as defined below) and dismissal of the Action with prejudice, Defendants have agreed to instruct their respective insurer and/or indemnitor to pay their respective portion of a Settlement Amount that totals $8 million in cash.  After the deduction of Administration Costs, taxes, Initial Settlement Payments, fees, expenses, and Service Award, the remaining Settlement Amount proceeds will be distributed according to the Plan of Allocation. (*See* No. 19 – How will the Settlement Amount be Allocated?)

| 7. | How much will my payment be? |
|---|---|

A payment of $5.00 (five dollars, payable via certified check or money order—each an "Initial Settlement Payment" and together the "Initial Settlement Payments") will be made to each Person who: (i) is a Class Member; (ii) received notice of class pendency pursuant to the Court's January 17, 2018 Order [D.I. 126], or otherwise provides a valid Proof of Claim identifying him, her, or itself as a valid Class Member; and (iii) did not validly request exclusion from the Class.[3]

In addition to an Initial Settlement Payment, each Class Member is **also** eligible to receive a portion of the Net Settlement Amount.  Your share of the Net Settlement Amount will depend on several things, including the total amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the amount of your claim.

The proposed Settlement, if approved by the Court, will provide $8 million to pay claims of investors who received Vanguard common units on or around October 5, 2015 in connection with the close of the Acquisition.  The $8 million represents a recovery of approximately $0.76 per Vanguard common unit received by the Class.

The Court-appointed lawyers for the Class will ask the Court for up to $2.4 million in attorneys' fees (30% of the Settlement Amount) and up to $325,000 in reimbursement for expenses for their work litigating the case and negotiating the Settlement.  They will also ask for an award to the Class Representative not to exceed $25,000, for his reasonable time and effort in securing the Settlement.  If approved by the Court, these amounts (totaling approximately $0.26 per Vanguard common unit) will be paid from the Settlement Fund.

---

[3] For avoidance of doubt, submission of a Proof of Claim is not required for a Class Member to be entitled to receive an Initial Settlement Payment.

The estimated average recovery for the Class, after deducting attorneys' fees and expenses, and the Class Representative award of reasonable costs and expenses (if approved by the Court), is approximately $0.50 per Vanguard common unit received in connection with the close of the Acquisition of LRE.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

The Initial Settlement Payments will be distributed by the Claims Administrator via U.S. Mail to each eligible Person after the Final Approval Order becomes Final and is no longer subject to appeal.

To be eligible to receive a pro rata payment from the Net Settlement Amount, you **MUST** submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.lrrenergysecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2018.** The Proof of Claim form may be submitted online at www.lrrenergysecuritieslitigation.com.

| 9. | When would I get my payment(s)? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2018, at _.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient. In any event, the Settlement calls for the Initial Settlement Payments to be distributed to eligible Class Members after the Final Approval Order approving the Settlement becomes a "Final" judgment and is no longer subject to appeal.

| 10. | What am I giving up if the Settlement is approved? |
|---|---|

Unless you timely and validly excluded yourself, you are in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you. If the Settlement is approved and if you are a Class Member and have not timely and validly opted out of the Class, you will give up all "Released Claims," including "Unknown Claims" (as defined below) that you may have against the "Released Parties" (as defined below):

- "Released Claims" means any and all manner of claims, rights, duties, controversies, obligations, demands, actions, debts, amounts, costs, sums of money, expenses, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, that have been, could have been, or in the future can or might be asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, local, common, statutory, administrative, or

- 9 -

foreign law, or any other law, rule, or regulation, at law or in equity), whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether pleaded or unpleaded, whether suspected or unsuspected, whether apparent or unapparent, including Unknown Claims as defined in paragraph 1.31 of the Stipulation, that the Class Representative or any Class Member asserted or could have asserted based upon, arising out of, or relating to any fact, matter, allegation, transaction, event, disclosure, statement, representation, act, failure to act, or omission that was asserted or could have been asserted by Class Representative or any Class Member which arise out of or relate in any way to: (i) the Acquisition; (ii) any actions, deliberations or negotiations in connection with the Acquisition or any agreements, disclosures, or events related thereto; (iii) the transfer or conversion of LRE units as a result of the Acquisition; or (iv) any disclosure, public filing (including, but not limited to registration statements and proxies), or other statements, acts, or omissions by LRE, Vanguard, Lighthouse Merger Sub, any Defendant, or any Released Party based upon, arising out of, or relating to any fact, matter, allegation, transaction, event, disclosure, statement, representation, act, failure to act, or omission that was asserted or could have been asserted by Class Representative or any Class Member in the Action; provided, however, that the Released Claims shall not include claims to enforce the Settlement.

- "Released Parties" collectively and "Released Party" individually means: (i) each Defendant; (ii) any Person which is, was, or will be related to or affiliated with any Defendant or in which any Defendant has, had, or will have a controlling interest; (iii) LRE; (iv) Vanguard and Vanguard Natural Resources Inc.; and (v) each and all of the foregoing's current and former parents, subsidiaries, general partners, divisions, and affiliates (including, for avoidance of doubt, Lime Rock Resources), and the respective present and former employees, members, principals, officers, directors, controlling unitholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, and assigns of each of them, in their capacity as such.

- "Unknown Claims" means any claim that Class Representative or any other Class Member does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against any Released Party, including without limitation those which, if known, might have affected the decision to enter into the Settlement or to object or to not object to the Settlement.  With respect to any of the Released Claims, the Settling Parties stipulate and agree that upon the occurrence of the Effective Date and by operation of the Final Approval Order, Class Representative and each Class Member shall be deemed to have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code §1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

- 10 -

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representative acknowledges, and the Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Class Representative, and by operation of law the Class Members, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Class Representative acknowledges, and the Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Stipulation.

## THE LAWYERS REPRESENTING YOU

| **11.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Robbins Arroyo LLP represents the Class Members, including you. These lawyers are called Lead Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.** | **How will the lawyers be paid?** |

Class Counsel will apply to the Court for an award of attorneys' fees not to exceed $2.4 million (30% of the Settlement Amount) and for expenses and costs in an amount not to exceed $325,000 in connection with the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Class Representative may seek a Service Award of up to $25,000 to reflect the time and effort he has expended on behalf of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **13.** | **How do I tell the Court that I object to the proposed Settlement?** |

If you are a Class Member, you can comment or object to the proposed Settlement and/or Lead Class Counsel's fee and expense application and Class Representative's Service Award. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *LRE Litigation*. Include your name, address, telephone number, and your signature, and documents sufficient to prove: (i) the number of LRE

common units you held as of August 28, 2015 and (ii) the number of Vanguard common units you received on or about October 5, 2015 in exchange for your LRE units owned as of August 28, 2015 in connection with the close of the Acquisition, and state your comments or the reasons why you object to the proposed Settlement. Your comments or objections must be filed or delivered **on or before**_____**, 2018** to the Clerk of Court, U.S. District Court for the District of Delaware, 844 North King Street Unit 18, Wilmington, DE 19801.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 14. | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold a Settlement Hearing at __.m., on _____, **2018**, in the Courtroom of the Honorable Mark A. Kearney, at the U.S. District Court in and for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. At the hearing, the Court will consider whether the Settlement and requested fees and expenses are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Class Representative. After the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Class Counsel or the Settlement website www.lrrenergysecuritieslitigation.com beforehand to be sure that the date and/or time has not changed.

| 15. | **Do I have to come to the Settlement Hearing?** |

No. Lead Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| 16. | **May I speak at the hearing?** |

If you object to the Settlement or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must file an objection with the Court prior to the objection deadline (*see* question 13 above). Persons who intend to object to the Settlement and/or any attorneys' fees and expenses to be awarded to Lead Class Counsel or Class Representative and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

**IF YOU DO NOTHING**

| 17. | What happens if I do nothing? |
|---|---|

If you do nothing, your recovery will be limited to the Initial Settlement Payment.

If you do nothing, you will not receive any *pro rata* recovery from the Net Settlement Amount.

In addition, unless you timely and validly excluded yourself from the Class by May 29, 2018, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims.

## GETTING MORE INFORMATION

| 18. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-844-787-6815. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement-related papers filed in the Action, which are posted on the Settlement website at www.lrrenergysecuritieslitigation.com, and which may be inspected at the Office of the Clerk of the U.S. District Court in and for the District of Delaware, U.S. Courthouse, 844 North King Street Unit 18, Wilmington, DE 19801, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT AMOUNT
## AMONG CLASS MEMBERS

| 19. | How will the Settlement Amount be allocated? |
|---|---|

The Settlement Amount of $8 million and any interest earned thereon is the "Settlement Fund."

**Initial Settlement Payments:**

If the Settlement is approved by the Court and upon the Court's Final Approval Order becoming a "Final" judgment and is no longer subject to appeal, the Initial Settlement Payments will be disbursed to each eligible Class Member by the Paying Agent via U.S. Mail. The Initial Settlement Payments will be made payable to Person(s) receiving this Notice plus potentially others who submit valid Proofs of Claim.

You must cash the Initial Settlement Payment within one hundred and twenty (120) days of the date of issuance. Each uncashed Initial Settlement Payment shall be void one hundred and twenty (120) days after the date of issuance. The remaining balance from each uncashed and voided Initial Settlement Payment shall be reallocated and included in the Net Settlement Amount.

- 13 -

**Allocation of the Net Settlement Amount:**

After payment of the Initial Settlement Payments, the Settlement Fund, less all taxes, approved costs, fees, expenses, and the Initial Settlement Payments (the "Net Settlement Amount") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Settlement Amount Recipients").

In the unlikely event there are sufficient funds in the Net Settlement Amount, each Settlement Amount Recipient will receive an amount equal to the Settlement Amount Recipient's claim, as outlined below. If, however, and as is more likely, the amount in the Net Settlement Amount is not sufficient to permit payment of the total claim of each Settlement Amount Recipient, then each Settlement Amount Recipient shall be paid the percentage of the Net Settlement Amount that each Settlement Amount Recipient's claim bears to the total of the claims of all Settlement Amount Recipient. Payment in this manner shall be deemed conclusive against all Settlement Amount Recipients.

The Net Settlement Amount will be disbursed by the Paying Agent to each Settlement Amount Recipients as soon as reasonably practicable after the Initial Settlement Payments. The Net Settlement Amount will be allocated on a per-unit basis amongst the Settlement Amount Recipients who have submitted to the Claims Administrator a valid Proof of Claim by the deadline provided in this Notice based on the number of LRE common units held as of August 28, 2015 that were exchanged for Vanguard common units on or about October 5, 2015 upon close of the Acquisition.

Distributions will be made to Settlement Amount Recipients after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Amount by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Amount cash their distributions, any balance remaining in the Net Settlement Amount after at least one hundred and twenty (120) days after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, additional settlement administration fees, costs, and expenses, including those of Lead Class Counsel as may be approved by the Court; and (c) to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Amount and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Amount is *de minimis* and such remaining balance shall then be distributed to the United Way of Greater Houston's Disaster Recovery Fund, which was selected by the Settling Parties because both LRE and Vanguard were headquartered in Houston, Texas, and many Class Members are believed also to reside there.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Initial Settlement Payments, the Net Settlement Amount, the Plan of Allocation, or the payment of any claim. Class Representative and Class Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

- 14 -

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you caused an individual or organization, for a beneficial interest other than yourself, to hold LRE common units as of August 28, 2015 that were exchanged for Vanguard common units on or about October 5, 2015 in connection with the close of the Acquisition, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization that held LRE/Vanguard common units during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) calendar days mail the Notice and Proof of Claim form directly to the beneficial owners of the LRE/Vanguard common units referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*LRE Litigation*
c/o GCG
P.O. Box 10532
Dublin, Ohio 43017-4532
(800) 324-2941
www.lrrenergysecuritieslitigation.com

DATED: _____, 2018        BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       FOR THE DISTRICT OF DELAWARE

1281818

- 15 -

# THIS PAGE INTENTIONALLY LEFT BLANK

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT HURWITZ, on Behalf of Himself and All Others Similarly Situated,  ) ) ) | Case No.: 1:15-cv-00711-MAK |
| Plaintiff,  )  ) | CLASS ACTION |
| v.  ) )  ) | EXHIBIT A-2 |
| ERIC MULLINS, CHARLES W. ADCOCK, JONATHAN C. FARBER, TOWNES G. PRESSLER, JR., JOHN A. BAILEY, JONATHAN P. CARROLL, SCOTT W. SMITH, RICHARD A. ROBERT, W. RICHARD ANDERSON, BRUCE W. MCCULLOUGH, and LOREN SINGLETARY,  ) ) ) ) ) ) ) ) ) ) | |
| Defendants.  )  ) | |

### PROOF OF CLAIM AND RELEASE

Please complete the Proof of Claim below if you were: (i) a record or beneficial holder of LRR Energy, L.P. ("LRE") common units as of August 28, 2015 through the October 5, 2015 close of Vanguard Natural Resources, LLC's ("Vanguard") acquisition of LRE (the "Acquisition"); and (ii) received Vanguard common units in exchange for your LRE common units in connection with the Acquisition. Excluded persons and entities include: defendants Eric Mullins, Charles W. Adcock, Jonathan C. Farber, Townes G. Pressler, Jr., John A. Bailey, Jonathan P. Carroll, Scott W. Smith, Richard A. Robert, W. Richard Anderson, Bruce W. McCullough, and Loren Singletary, members of the immediate family of each individual defendant; an officer or director of Vanguard or LRE, a firm, trust, corporation, officer, or other entity in which a Defendant has or had a controlling interest; Persons participating in the alleged material omissions or misrepresentations, and the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of an excluded Person or entity; and also excluding those Persons listed in Exhibit A-4 to the Stipulation of Settlement who, pursuant the Court's January 17, 2018 Order [D.I. 126], timely and validly requested to be excluded from the Class.

This Proof of Claim must contain the name, address, and taxpayer identification number (TIN) of the beneficial owner(s). The TIN, consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim; this information is required.

The Proof of Claim must also provide the number of LRE units you held as of August 28, 2015 that were exchanged for Vanguard units on or about October 5, 2015 and, if such LRE units were held in certificate form, the LRE unit certificate numbers (if LRE units were held through a brokerage account, certificate numbers are not needed). You must sign the Proof of Claim in the space provided to make a valid claim. Please also provide your brokerage statement for **October 2015** or a letter from your bank, broker, or other nominee indicating the number of LRE units held as of August 28, 2015 that were exchanged for Vanguard units on or about October 5, 2015 in connection with the closing of the

Acquisition. If you held LRE units in certificate form, please provide confirmation from the transfer agent of surrender/exchange.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the case listing at www.lrrenergysecuritieslitigation.com or you may email the Paying Agent's electronic filing department at eClaim@choosegcg.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Paying Agent issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email.

Proof of Claim forms **must be postmarked no later than** _____, **2018** and mailed to:

LRR Energy Securities Litigation Settlement
C/O GCG
P.O. Box 10532
Dublin, Ohio 43017-4532
(800) 324-2941

1. Please sign the below release and certification. If this Proof of Claim is being submitted on behalf of multiple claimants, then all claimants must sign.
2. Remember to attach only copies of acceptable supporting documentation.
3. Please do not highlight any portion of the Proof of Claim or any supporting documents.
4. Do not send original unit certificates or documentation. These items cannot be returned to you by the Paying Agent.
5. Keep copies of the completed Proof of Claim and documentation for your own records.
6. You will not receive confirmation of receipt of your Proof of Claim; if confirmation is desired, please send your Proof of Claim Certified Mail, Return Receipt requested.
7. If your address changes in the future, or if this Proof of Claim was sent to an old or incorrect address, please send the Paying Agent written notification of your new address. If you change your name, please inform the Paying Agent.
8. If you have any questions or concerns regarding your Proof of Claim, please contact the Paying Agent at the above address or call or visit www.lrrenergysecuritieslitigation.com.

## PART I—CLAIMANT INFORMATION

Last Name (Claimant)

First Name (Claimant)

Last Name (Beneficial Owner If Different from Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)

Contact Person (If Claimant Is Not an Individual)

Record Owner's Name (If Different From Beneficial Owner Listed Above (e.g., Trust, Nominee, Other, etc.))

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Providence

Foreign Zip Code

Foreign Country

□ **Check Here to Use Alternate Address for Distribution (Optional)**

Distribution Address Line 1

Distribution Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Providence

Foreign Zip Code

Foreign Country

Telephone Number (Day)

Telephone Number (Night)

Beneficial Owner's Employer Identification Number or Social Security Number

E-mail Address (an e-mail address is not required, but if you provide it, you authorize the Paying Agent to use it in providing you with information relevant to this claim.)

IDENTITY OF CLAIMANT (check only one): □ Individual □ Corporation □ Joint Owners □ Estate □ Trust □ Partnership □ Private Pension Fund □ Legal Representative □ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian on separate sheet) □ Other (specify, describe on separate sheet)

## PART II—LRE/VANGUARD HOLDINGS

### A. LRE HOLDINGS ON OCTOBER 5, 2015:

State the number of LRE common units you held as of August 28, 2015 that were surrendered at the closing of the Acquisition on or about October 5, 2015. Documentation includes brokerage statements from October 2015 showing the quantity of units surrendered, a letter from your bank, broker, or other nominee indicating the quantity of units surrendered, or proof of unit certificate surrender (see below for more details if your units were held in certificate form).

Proof enclosed: □ Yes □ No

### B. UNIT CERTIFICATE NUMBERS (If applicable)

List below the unit certificate numbers for all LRE common units surrendered pursuant to the Transaction on October 5, 2015 for all units NOT HELD IN A BROKERAGE ACCOUNT. Be sure to attach documentation of surrender such as a letter accompanying a payment for surrendered units from the transfer agent or your broker.

Proof of surrender enclosed? ☐ Yes ☐ No

**CERTIFICATE 1:**

**CERTIFICATE 2:**

**CERTIFICATE 3:**

**CERTIFICATE 4:**

**CERTIFICATE 5:**

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. PRINT THE BENEFICIAL OWNER'S FULL NAME AND TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

### C. VANGUARD HOLDINGS ON OCTOBER 5, 2015:

State the number of Vanguard common units you received in exchange for your as-of August 28, 2015-owned LRE units (i.e., the number of LRE units you identified in Part II, A. above) upon closing of the Acquisition on or about October 5, 2015.  Documentation includes brokerage statements from October 2015 showing the quantity of units surrendered, a letter from your bank, broker, or other nominee indicating the quantity of units surrendered, or proof of unit certificate surrender (see below for more details if your units were held in certificate form).

Proof enclosed: ☐ Yes ☐ No

**YOU MUST SIGN THE PROOF OF CLAIM ON PAGE 6.**

**PART III—RELEASE AND CERTIFICATION**

On behalf of myself (ourselves) or the beneficial owner, I (we) am (are) authorized to file this Proof of Claim, and on behalf of each of my (our, his, her, its) heirs, agents, executors, trustees, administrators, predecessors, successors, and assigns, I (we, he, she, it) hereby acknowledge that as of the Effective Date, I (we, he, she, it) shall (i) be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims, as against each and every one of the Released Parties (as "Released Claims" and "Released Parties" are defined in the Notice of Proposed Settlement of Class Action and Settlement Hearing ("Notice")); (ii) forever be barred and enjoined from

commencing, instituting, prosecuting, or maintaining any of the Released Claims against any of the Released Parties; and (iii) be deemed to have covenanted not to sue any Released Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Party.

☐ By checking this box I certify that I (we) am (are) or, if I am filing on behalf of another, that party, is not an excluded party under the terms of the Stipulation. Excluded parties include: defendants Eric Mullins, Charles W. Adcock, Jonathan C. Farber, Townes G. Pressler, Jr., John A. Bailey, Jonathan P. Carroll, Scott W. Smith, Richard A. Robert, W. Richard Anderson, Bruce W. McCullough, and Loren Singletary, members of the immediate family of each individual defendant; an officer or director of Vanguard or LRE, a firm, trust, corporation, officer, or other entity in which a Defendant has or had a controlling interest; persons participating in the alleged material omissions or misrepresentations, and the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of an excluded person or entity.

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify) as follows:

1. That I (we) have read the Notice, and the Proof of Claim, including the releases provided for in the settlement;

2. That the claimant(s) is (are) a Class Member(s), as defined in the Notice, and is (are) not excluded from the Class;

3. That the claimant(s) owned the LRE common units identified in the Proof of Claim and has (have) not assigned the claim against the Released Parties to another, or that, in signing and submitting this Proof of Claim, the claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

4. That the claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of LRE common units and knows (know) of no other person having done so on his/her/its/their behalf;

5. That the claimant(s) owned the Vanguard common units identified in the Proof of Claim and has (have) not assigned the claim against the Released Parties to another, or that, in signing and submitting this Proof of Claim, the claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

6. That the claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of Vanguard common units and knows (know) of no other person having done so on his/her/its/their behalf;

7. That the claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases provided for in the settlement;

8. That I (we) agree to furnish such additional information with respect to this Proof of Claim as the Paying Agent or the Court may require;

9. That I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of the Stipulation and Agreement of Compromise and Settlement and any judgment that may be entered in the litigation, including the releases and covenants set forth therein; and

10. That I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


| _____ | _____ | _____ |
| Signature of Claimant | Date | Print Name of Claimant |


| _____ | _____ | _____ |
| Signature of Joint Claimant (if any) | Date | Print Name of Joint Claimant |


_____
Capacity of Person(s) Signing, e.g., beneficial owner(s), executor, administrator, trustee, etc.


**THIS PROOF OF CLAIM MUST BE MAILED TO THE PAYING AGENT POSTMARKED BY**
_____.

# THIS PAGE INTENTIONALLY LEFT BLANK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT HURWITZ, on Behalf of Himself and All Others Similarly Situated, | ) ) | Case No.: 1:15-cv-00711-MAK |
| | ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) | |
| ERIC MULLINS, CHARLES W. ADCOCK, JONATHAN C. FARBER, TOWNES G. PRESSLER, JR., JOHN A. BAILEY, JONATHAN P. CARROLL, SCOTT W. SMITH, RICHARD A. ROBERT, W. RICHARD ANDERSON, BRUCE W. MCCULLOUGH, and LOREN SINGLETARY, | ) ) ) ) ) ) ) ) ) ) | EXHIBIT A-3 |
| Defendants. | ) ) | |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

**TO:   ALL PERSONS WHO HELD LRR ENERGY, L.P. ("LRE") COMMON UNITS DURING THE PERIOD AS OF AUGUST 28, 2015 THROUGH AND INCLUDING OCTOBER 5, 2015 AND WHO RECEIVED VANGUARD NATURAL RESOURCES, LLC COMMON UNITS IN EXCHANGE FOR SUCH LRE COMMON UNITS ON OR ABOUT OCTOBER 5, 2015 (THE "CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the U.S. District Court in and

for the District of Delaware, that a hearing will be held on _____, 2018, at _____

_.m., before the Honorable Mark A. Kearney, U.S. District Judge, at the U.S. District Court in

and for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market

Street, Philadelphia, PA 19106, for the purpose of determining: (1) whether the proposed

Settlement of the claims in the Action as described in the Stipulation of Settlement (and all

addendums thereto) for the principal amount of $8 million should be approved by the Court as

fair, reasonable, and adequate; (2) whether a Final Judgement and Order of Dismissal with

Prejudice should be entered by the Court dismissing the Action with prejudice; (3) whether the

proposed distribution of the Settlement Fund and Plan of Allocation are fair, reasonable, and

- 1 -

adequate and should be approved; and (4) whether the application of Lead Class Counsel for the payment of attorneys' fees and expenses and Class Representative's time and effort expended on behalf of the Class in this Action should be approved.

IF YOU HELD ANY LRE COMMON UNITS AS OF AUGUST 28, 2015 THROUGH AND INCLUDING OCTOBER 5, 2015, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

If you are a Class Member and did not receive in the mail a notice of class pendency pursuant to the Court's January 17, 2018 Order or a detailed Notice of Proposed Settlement of Class Action and Settlement Hearing ("Notice"), you must submit a Proof of Claim and Release form by mail or online received *no later than* _____, *2018* in order to receive an Initial Settlement Payment of $5.00.  You can obtain a copy of the Proof of Claim and Release form by writing to *LRE Litigation*, c/o GCG, P.O. Box 10532, Dublin, OH 43017-4532, or via the Internet at www.lrrenergysecuritieslitigation.com.  Additionally, to receive a portion of the Net Settlement Amount based on your pro rata share of your Vanguard units owned by Class Members, you must submit a Proof of Claim and Release form by the above date, establishing that you are entitled to the further recovery.  You will be bound by any judgment rendered in the Action unless you have already timely and validly requested to be excluded from the Class.

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application or the service award to Class Representative must be *delivered* (not simply postmarked) *no later than* _____, *2018* to the Clerk of Court, U.S. District Court for the District of Delaware, 844 North King Street Unit 18, Wilmington, DE 19801.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact the Claims

- 2 -

Administrator or Lead Class Counsel, Stephen J. Oddo, Esq., at Robbins Arroyo LLP, 600 B

Street, Suite 1900, San Diego, CA 92101.

DATED: _____, 2018      BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT IN
                              AND FOR THE DISTRICT OF DELAWARE

1281821

- 3 -